**JASON R. MISCHEL, ESQ.**
201 E. 19th Street, Suite 5L
New York, New York 10003
(646) 807-9220
jrm@jrmlegalresearch.com
www.jrmlegalresearch.com
Admitted to Practice:  New York, New Jersey,
United States District Court, Eastern District of New York
United States District Court, Southern District of New York
United States District Court, District of New Jersey
United States Court of Appeals, District of Columbia Circuit

October 9, 2024

VIA ECF FILING

The Honorable Arun Subramanian, USDJ
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 15A
New York, New York  10007

>   RE:   **Hongmian Gong ("Gong") v. Lerone Savage ("Savage")**
>   **Civil Action No. 1:23-cv-07355-AS**

Judge Subramanian:

I am attorney for Defendant Lerone Savage ("Savage") in the above referenced action and pursuant to your Order dated October 3, 2024 (ECF 71), the following are Savage's responses to the three (3) questions posed by the Court:

**QUESTION 1:  Statute of limitations.  Are Gong's copyright claims timely despite allegations that Gong knew about Savage's copying and submitting the thesis approximately six years before she filed her complaint in this case?**  See *Michael Grecco Productions, Inc. v. RADesign, Inc.*, 112 F.4th 144, 151 (2d Cir. 2024).

**SAVAGE'S RESPONSE:**

They are not.  As the Second Circuit explained in *Michael Grecco Productions, Inc.*, "the discovery rule determines when an infringement claim accrues under the Copyright Act…(u)nder the discovery rule, a plaintiff has the length of time it takes, using due diligence, to discover the infringement; only from that point does the statute of limitations begin to run" (*Id.*).

In this matter, Gong filed the initial Complaint on August 18, 2023 (ECF 1).  As to when Gong discovered any alleged infringement, Gong makes the following allegations in the Second Amended Complaint (ECF 51):

>   18. Professor Gong **complained of Mr. Savage's misuse of Project Information to CUNY**, and notified the University that publication of Mr. Savage's thesis would entail disclosure of Professor Gong's highly sensitive research.  The University advised Mr. Savage to put a ***three-year hold*** on

his thesis, meaning that the public would not have access to Mr. Savage's thesis on Hunter College's digital platform until the end of the three-year hold. Professor Gong had no access to the Thesis during those three years[1].

19. Professor Gong made *additional attempts to prevent publication* of the Thesis *during the three-year hold*.

20. The Thesis was released and published on the CUNY Academic Works website on *August 22, 2020*, over Professor Gong's strenuous objections.

46. Defendant's *submission* of the Thesis to CUNY, done with the knowledge that the Thesis would become publicly available, constitutes direct copyright infringement under the Copyright Act under 17 U.S.C. §501.

(Second Amended Complaint, ECF 51) (emphasis added).

Thus, by Gong's own allegations in the Second Amended Complaint and applying the discovery rule embodied in *Michael Grecco Productions, Inc*, Gong discovered any alleged infringement approximately six (6) years before filing her initial Complaint (ECF 1) in violation of the applicable six-year statute of limitations (17 U.S.C. §507(b)). Further, as an aside, it should be noted that any allegations of Savage having "copied" anything are unsubstantiated and wholly denied by Savage.

**QUESTION 2: Statute of limitations. Can Savage be liable for contributory copyright infringement if Gong knew about his contributory acts (copying and submitting the thesis) six years before this suit was filed? See** *Mount v. Book-of-the-Month Club, Inc.***, 555 F.2d 1108, 1111 (2d Cir. 1977);** *Bridgeport Music, Inc. v. Diamond Time, Ltd.***, 371 F.3d 883, 890 (6th Cir. 2004).**

**SAVAGE'S RESPONSE:**

Savage cannot be liable. As the Second Circuit ruled in *Mount*, "(a)ny infringement more than three years before the commencement of the action is barred by limitations. We agree that that is the rule, and it necessarily bars recovery" (*Id.*, at 1111). Further, as the Sixth Circuit ruled in *Bridgeport Music, Inc.*, "(e)ven if there was evidence of direct infringement within the period, however, plaintiffs may not 'piggy back' (defendant's) conduct from outside the period onto the alleged direct infringement of another within the period. Just as claims against a direct infringer who commits no acts within the three-year limitations are time-barred, claims against a contributory infringer who commits no acts within the limitations period are also time barred" (*Id.*, at 890, citing *Mount*).

---

[1]   Although the Court has directed that the parties "should not rely on any material outside the pleadings in making their arguments" (ECF 71), Savage respectfully refers the Court to the facts and argument contained in the Reply Memorandum of Law in Support of Savage's Motion to Dismiss the Second Amended Complaint Pursuant to Fed. R. Civ. P. §12(b)(6) (ECF 64) and the Reply Affirmation of Jason R. Mischel with its exhibits (ECF 64-1 to 64-5) in further support of this response, as this material clearly proves that Gong's allegation that she "had no access to the Thesis for three years" is wholly and completely irrelevant, as the properly submitted evidence proves that Gong, by her own testimony and previous allegations in a related matter, had already had access to, and reviewed, the published version of the Thesis three (3) years before its publication and approximately six (6) years before Gong filed the initial Complaint in this matter.

As stated above, in this matter, Gong filed the initial Complaint on August 18, 2023 (ECF 1).  Further, in addition to the above-cited allegations contained in the Second Amended Complaint as to when Gong discovered any alleged infringement, Gong makes the following additional allegations with respect to alleging contributory infringement (ECF 51):

> 35. Mr. Savage caused CUNY and Elsevier to release and publish the Thesis by *submitting* the Thesis to Hunter College of CUNY

(Second Amended Complaint, ECF 51) (emphasis added).

Thus, because Gong's cause of action for contributory infringement is based on Savage having *submitted* the Thesis approximately six (6) years before the filing of the initial Complaint in this matter, it should be dismissed in violation of the applicable statute of limitations (17 U.S.C. §507(b)).  Once again, as an aside, it should be noted that any allegations of Savage having "copied" anything are unsubstantiated and wholly denied by Savage.

**QUESTION 3:  DTSA Interstate or Foreign Commerce.  Does the complaint plausibly allege a nexus between Gong's trade secret and "a product or service used in, or intended for use in, interstate and foreign commerce"?  18 U.S.C. §1836(b)(1).**

**SAVAGE'S RESPONSE:**

While it is wholly *irrelevant* whether it does or does not – as Gong's DTSA cause of action *is in violation of the statute's three (3) year statute of limitations* (18 U.S.C. §1836(d)) for the same reasons as stated above with respect to the copyright infringement and contributory infringement claims – the Second Amended Complaint does not plausibly allege such a nexus.  While it is true that "little is needed to satisfy this 'interstate commerce' requirement at the pleading stage", a cause of action alleging violation of the DTSA is subject to dismissal when the complaint lacks "any allegation supporting a nexus with interstate commerce, such as, for example, that (plaintiff) serves customers from across state lines or sources its products from outside of New York" (*Aira Jewels, LLC v. Mondrian Collection, LLC*, 2024 U.S. Dist. LEXIS 54204 at **6-7 (S.D.N.Y. March 25, 2024) ).  In this matter, Gong's cause of action for violation of the DTSA is absent of any allegation that Gong "serves customers from across state lines or sources (her) products from outside New York" (*Id.*; ECF 51).  Thus, because this cause of action does not, in any way, allege such a nexus, it should be dismissed.

Respectfully yours,

Jason R. Mischel

cc:  Robert D. Katz, Esq. (VIA ECF FILING)

3