UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HONGMIAN GONG,

                    Plaintiff,

        -against-

LERONE SAVAGE,

                    Defendant.

23-cv-7355 (AS)

OPINION AND ORDER

---

ARUN SUBRAMANIAN, United States District Judge:

This case is about a master's thesis written seven years ago. Lerone Savage's former advisor, Hongmian Gong, says that Savage violated the Copyright Act and the Defend Trade Secrets Act when he incorporated her proprietary information into his thesis. Savage moves to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is GRANTED in part and DENIED in part.

## BACKGROUND

Gong is a geography professor at Hunter College, part of the City University of New York (CUNY). Dkt. 51 ¶ 5. As a transportation researcher, she has published on the use of GPS and GIS data for "travel mode detection in New York City." *Id.* ¶ 7. Since 2012, however, Gong's methods have "shifted." *Id.* ¶ 8. Rather than using GPS data from laptops, she uses smartphone data and cloud computing to study transportation patterns. *Id.* Gong has not published her new research methods anywhere. Instead, she "created certain unpublished written work" about this research framework, which she refers to as the "Project Information." *Id.* ¶ 9.

Savage began working for Gong in 2013 while he was still an undergraduate student at Hunter. *Id.* ¶ 13. In 2014, he began pursuing a master's degree and continued his work as Gong's research assistant. *Id.* As a condition of his employment, Savage agreed that he would not share Gong's Project Information or use it for his thesis without Gong's written consent. *Id.* ¶ 14. Nonetheless, Savage submitted a master's thesis titled "Travel Mode Detection in New York City Using Smartphone and GIS," which Gong says incorporated her Project Information, such as "confidential computer code for travel detection algorithms, the smartphone application, cloud computing, WebGIS, and the 'multimodal transportation network database.'" *Id.* ¶ 16.

Gong complained about Savage's thesis to CUNY administrators and argued that publication of the thesis would disclose her highly sensitive research. *Id.* ¶ 18. CUNY advised Savage to embargo the thesis for three years, which he did. *Id.* During those three years, Gong made several unsuccessful attempts to prevent the thesis's publication, including suing Savage in state court for breach of contract and misappropriation of trade secrets. *Id.* ¶ 19; Dkt. 55-5. On August 22, 2020,

after the three-year embargo ended, CUNY made the thesis publicly available over Gong's objections. Dkt. 51 ¶ 20.

Not to be deterred, Gong registered three copyrights for the Project Information in 2021. Dkts. 51-2, 51-3, 51-4. In August 2023, Gong filed this suit, and in December 2023, she sent a takedown notice to CUNY under the Digital Millenium Copyright Act. Dkt. 51 ¶ 27. CUNY removed the dissertation from public view on December 23, 2023, pending resolution of this case. *Id.* ¶ 27-28; *see also* Dkt. 51-20.

In her second amended complaint, Gong sues Savage for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 501, and misappropriation of trade secrets under the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836(b). Dkt. 51 ¶¶ 44-68. Savage moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 55.

## LEGAL STANDARDS

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298-99 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

### I.    The direct copyright infringement claim is dismissed.

To state a claim for copyright infringement, the complaint must allege "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992).

Savage argues that Gong's complaint falters on the fourth prong. He says that the complaint does not contain any allegations that he "copied any of plaintiff's work that was copyrighted at the time of the alleged copying." Dkt. 55-1 at 6. Savage points to the fact that Gong registered her copyrights in 2021, while the alleged copying occurred when Savage wrote his thesis sometime before submitting it in 2017. *Id.* at 7-9. But Gong's claim is not precluded by the fact that she registered her copyrights after the alleged infringement occurred. As the Supreme Court has explained, "[u]pon registration of the copyright, . . . a copyright owner can recover for infringement that occurred both before and after registration." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019).

That said, Gong has a different timing problem. Although copyright holders can recover for infringement that occurred before they registered their work, they can do so only to the extent

allowed by the Copyright Act's statute of limitations, which provides that "[n]o civil action shall be maintained under [the Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A claim "accrue[s]" under the Copyright Act as soon as the plaintiff has "actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). So for Gong's direct copyright infringement claim to be timely, Gong must have been unable, with the exercise of due diligence, to discover Savage's infringement prior to August 18, 2020, three years before the complaint was filed. *See Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 151 (2d Cir. 2024).[1] Savage says that Gong discovered Savage's alleged infringement in 2017, so her direct copyright claim is barred as a matter of law. (While Savage challenged the timeliness of Gong's DTSA claim in his opening motion-to-dismiss brief, he raised the issue as to the copyright claim only on reply. Dkt. 64 at 4-9. The Court thereafter provided the parties with the opportunity to address the timeliness of Gong's copyright claims directly in post-briefing letters. Dkts. 74, 75.)

The Court agrees that "it is clear from the face of the complaint" that Gong knew about Savage's direct infringement approximately six years before she filed her complaint in this case. *Michael Grecco Prods.*, 112 F.4th at 150 (quoting *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)). Gong alleges that Savage is liable for direct infringement based on two infringing acts: his "unauthorized copying of the Project Information" and "submission of the [t]hesis to CUNY." Dkt. 51 ¶¶ 45-46; *see Stone v. Williams*, 970 F.2d 1043, 1049 (2d Cir. 1992) ("Each act of infringement is a distinct harm giving rise to an independent claim for relief."). The allegations in the complaint make it clear that Gong knew about both acts long before August 18, 2020.

First, according to the complaint, Gong complained to CUNY about Savage's misuse of Project Information in his thesis three years before the thesis was made publicly available on August 22, 2020; she advised the university then that publication of Savage's thesis "would entail disclosure of [her] highly sensitive research." Dkt. 51 ¶¶ 18, 20. So she plainly knew in 2017 that Savage had copied her Project Information into his thesis. And second, in response to Gong's objections, the university advised Savage to embargo the thesis for three years, during which time Gong "made additional attempts to prevent [its] publication." *Id.* ¶ 19. When CUNY eventually released the thesis, it was over "Gong's strenuous objections." *Id.* ¶ 20. Gong could not have objected to and attempted to prevent CUNY's public unveiling of the thesis if she didn't know that Savage had submitted the thesis to CUNY in the first place.

In a declaration submitted in response to Savage's motion to dismiss, Gong claims that she did not know about the "extent" of Savage's infringement until the thesis was published on August

---

[1] Gong does not argue that a different analysis applies because in addition to damages, she is also seeking injunctive relief. She just argues that her claim is timely because the final thesis was published within the three-year limitations period. *Cf. Salerno v. City Univ. of N.Y.*, 191 F. Supp. 2d 352, 357 (S.D.N.Y. 2001) ("The fact that plaintiffs seek only prospective relief does not alter the [statute of limitations] analysis, otherwise a plaintiff could revive a time-barred copyright claim under the guise of seeking only prospective relief.").

22, 2020. Dkt. 61-1 ¶ 10. But even if some aspects of Savage's thesis took her by surprise, Gong alleges in the complaint that she knew in 2017 that Savage had incorporated into his thesis the material that is the subject of this suit. Gong explains in her complaint that she created certain unpublished work, listed at Exhibits B-D of her complaint, which is the "subject of this action for copyright infringement." Dkt. 51 ¶ 9. She defines that body of work as her "Project Information." *Id.* And she says that she found out about and complained of Savage's misuse of the "Project Information" to CUNY in 2017, before his thesis was submitted. *Id.* ¶ 18. So Gong's complaint forecloses any claim that she learned about Savage's misuse of the information that is the subject of this suit later than 2017. *See Huang v. Amazon.Com, Inc.*, 2023 WL 11879549, at *7 (S.D.N.Y. Jan. 31, 2023) (disregarding plaintiff's "transparent attempt to avoid the statute of limitations bar" by contradicting the complaint's allegations in opposition briefing); *Dos Santos v. Assurant, Inc.*, 625 F. Supp. 3d 121, 131 (S.D.N.Y. 2022) (dismissing claim as untimely when "the face of the [c]omplaint . . . compels the inference" that plaintiff's claim accrued more than three years before she filed her complaint, despite later statements to the contrary).[2]

Gong also argues that "further infringement occurred on August 22, 2020," when CUNY released Savage's thesis to the public. Dkt. 61 at 9. True, under the Copyright Act, Gong can recover for infringement that occurred within the limitations period, even if other claims are time barred. *See Stone*, 970 F.2d at 1049. But this act of infringement forms the basis of Gong's contributory, not direct, infringement claim: CUNY published the thesis online, and Gong argues that Savage "caused" this direct infringement by submitting his thesis for publication in the first place. Dkt. 51 ¶¶ 35-36. So the publication of Savage's thesis on August 22, 2020, does not save Gong's direct infringement claim. Because it is clear from the face of the complaint that Gong knew about Savage's infringement in 2017, her direct copyright infringement claim is barred as a matter of law by the Copyright Act's statute of limitations.

## II.    The contributory copyright infringement claim survives.

As discussed above, CUNY allegedly infringed Gong's copyrights when it made Savage's thesis available online after the embargo period. Gong seeks to hold Savage contributorily liable for this act of direct infringement, which occurred within the limitations period. *See* Dkt. 51 ¶¶ 35-36, 51-54; *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 117-18 (2d Cir. 2010) (explaining that a person can be held liable under the Copyright Act for contributing to the infringing conduct of a third party). Savage says that this claim should be dismissed for two reasons, neither of which is persuasive.

---

[2] In his reply brief, Savage argues that Gong's declaration is false based on sworn deposition testimony she gave in her state court case against him, as well as allegations she made in a federal complaint filed against CUNY in 2018. Dkt. 64 at 5-8; *see, e.g.*, First Amended Complaint ¶¶ 38-39, *Gong v. City Univ. of N.Y.*, 2020 WL 1467353 (S.D.N.Y. Mar. 25, 2020) (No. 18 Civ. 3027) (alleging that "[a]round August 2017 a Dean of Hunter College sent [Gong] a draft of Mr. Savage's revised thesis. The thesis contained unpublished results of [Gong's] research," and Gong "protested the unauthorized use of her research by Mr. Savage"). The Court does not rely on these materials in deciding this motion.

First, Savage says that Gong's contributory infringement claim, too, is barred by the statute of limitations. He argues that Gong cannot "'piggy back' [Savage's] conduct from outside the period onto the alleged direct infringement of another within the period." Dkt. 74 at 2 (quoting *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 890 (6th Cir. 2004)). He urges this Court to adopt a bright-line rule that "claims against a contributory infringer who commits no acts within the limitations period are . . . time barred." *Id.* (quoting *Bridgeport Music*, 371 F.3d at 890).

This proposed rule, however, doesn't account for the fact that a contributory copyright claim can't "accrue" until some direct infringement has occurred. As the Supreme Court has explained, a claim accrues once a plaintiff has a "complete and present cause of action," meaning that the plaintiff can "file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (citations omitted). And "to establish liability for contributory or vicarious copyright infringement, a plaintiff must first prove that direct infringement of its works occurred." *Wu v. John Wiley & Sons, Inc.*, 2015 WL 5254885, at *13 (S.D.N.Y. Sept. 10, 2015); *see also Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005) ("[T]here can be no contributory infringement absent actual infringement . . . ."); 3 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 12.04[D][1] (2024) ("[T]he rule should generally prevail that third-party liability, as its name implies, may exist only when direct liability, *i.e.*, infringement, is present."). So "[b]ecause a plaintiff cannot 'file suit and obtain relief' for contributory infringement before the resulting direct infringement takes place, a contributory infringement claim does not accrue under the statute until the direct infringement occurs." *Goldberg v. Cameron*, 2009 WL 2051370, at *6 (N.D. Cal. July 10, 2009).

On its surface, it might seem like *Mount v. Book-of-the-Month Club, Inc.*, 555 F.2d 1108 (2d Cir. 1977), supports Savage's argument here. There, plaintiff Charles Mount claimed that the Book-of-the Month Club had contributorily infringed his copyright by sharing page proofs of his book with a man named David McKibbin, who then published an infringing pamphlet with the Boston Museum of Fine Arts. *Id.* at 1109-10. The Museum published the pamphlet in January 1956, and Mount brought his suit in 1975. *Id.* The court concluded that there was no basis for finding the Book-of-the-Month Club liable because the claim was "undoubtedly long since time-barred." *Id.* at 1110. "Even if defendant participated in an infringement through the sending on of the proofs to McKibbin," the court explained, "that event occurred in the Fall of 1955, almost twenty years before this action was begun." *Id.* The Sixth Circuit interpreted this portion of the opinion as standing for the proposition that a contributory infringement claim is time barred unless the defendant committed some acts within the limitations period. *See Bridgeport Music*, 371 F.3d at 890.

But Mount "knew in or about January 1956 of the publication of McKibbin's pamphlet." *Mount*, 555 F.2d at 1110. This means that Mount had a complete and present cause of action for contributory infringement nearly twenty years before he brought his suit. The best way to understand *Mount* is that claim there was time barred because both Book-of-the-Month Club's contributory acts and the initial direct infringement took place long before Mount filed suit. *See Goldberg*, 2009 WL 2051370, at *6 ("[H]olding . . . that all contributing acts must fall within the

three-year period[] appear[s] to overlook the possibility of an act of contribution outside the statutory period first producing a direct infringement within it."). And this was true in *Bridgeport*, too. *See Bridgeport Music*, 371 F.3d at 886-90.

Here, by contrast, no direct infringement by a third party occurred until August 22, 2020, when CUNY published the thesis online. Gong didn't have a complete and present cause of action for contributory infringement against Savage until that point. Accordingly, Gong's contributory infringement claim is not clearly time barred.

Second, Savage argues that Gong fails to allege that he acted with the requisite knowledge in causing CUNY's infringement. To be held liable for contributory infringement, a defendant must, "with knowledge of the infringing activity, induce[], cause[] or materially contribute[] to the infringing conduct of another." *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). "The knowledge standard is an objective one; contributory infringement liability is imposed on persons who 'know *or have reason to know*' of the direct infringement." *Arista Recs.*, 604 F.3d at 118 (citation omitted).

Savage says that he could not have known about CUNY's infringement because Gong didn't register her copyrights until long after both his contributory acts and CUNY's direct infringement occurred. Dkt. 55-1 at 10-12. As noted above, however, registration merely enables a plaintiff to pursue an infringement claim in court. "Under the Copyright Act of 1976, . . . copyright protection attaches to 'original works of authorship' . . . 'fixed in any tangible medium of expression.'" *Fourth Est.*, 586 U.S. at 300 (quoting 17 U.S.C. § 102(a)). "An author gains 'exclusive rights' in her work immediately upon the work's creation, including rights of reproduction, distribution, and display." *Id.* at 300-01 (citing 17 U.S.C. § 106). So Gong had exclusive rights in the Project Information once it was fixed in tangible form, and those rights were capable of being infringed long before Gong registered her copyrights.

Whether Savage had reason to know that publishing the thesis would infringe those rights is a different question (and one which Savage did not brief). The complaint contains some indications that Savage had reason to know that submitting his thesis would cause CUNY to directly infringe Gong's rights. First, Gong told Savage that he couldn't use the Project Information in any of his papers. Dkt. 51 ¶ 14. Second, Savage allegedly incorporated Project Information into his thesis before submitting it for publication. *Id.* ¶ 16; *see Arista Recs.*, 604 F.3d at 118 ("[R]esolution of the [contributory liability] issue . . . depends upon a determination of the function that [the alleged infringer] plays in the total [reproduction] process." (third and fourth alterations in original) (citation omitted)). And third, prior to publication, Savage found out that Gong had complained to the university about his "misuse" of Project Information in the thesis. Dkt. 51 ¶ 18. Because Savage doesn't argue that these allegations are insufficient to plead knowledge, Gong's contributory infringement claims survives for now. But Gong will have to marshal evidence at trial to prove that Savage intentionally induced CUNY's infringement. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("One infringes contributorily by intentionally inducing or encouraging direct infringement . . . ." (citing *Gershwin*, 443 F.2d at 1162)). And, of course, she will also have to prove that CUNY's actions constituted infringement in the first place.

### III.    The trade secrets claim is dismissed.

Under the DTSA, "[a] civil action . . . may not be commenced later than 3 years after the date on which the misappropriation . . . is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). For the reasons discussed above, it is clear from the face of the complaint that Gong discovered Savage's alleged misappropriation in 2017. (In fact, she sued Savage the following year in state court for trade secret misappropriation.) Because she didn't file this suit until 2023, Gong's trade secrets claim, like her direct copyright claim, is barred as a matter of law. This forecloses both her claims for damages and for injunctive relief under the DTSA. *See Espire Ads LLC v. TAPP Influencers Corp.*, 655 F. Supp. 3d 223, 253 n.9 (S.D.N.Y. 2023) ("[B]ecause the TAPP plaintiffs have not alleged a timely violation of the DTSA, they also have not alleged a claim for injunctive relief under the DTSA.").

**CONCLUSION**

For these reasons, counts I and III of the amended complaint are dismissed with prejudice. The stay on discovery is hereby lifted. The parties should submit a revised case management plan to the Court by November 14, 2024, with discovery to be completed within three months.

The Clerk of Court is respectfully directed to terminate Dkt. 55.

SO ORDERED.

Dated: November 4, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge